UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wendell Cooper, | Civil Action No. 7:13-cv-00991-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Spartanburg School District Seven, | |
| Defendant. | |

Plaintiff Wendell Cooper ("Plaintiff") filed this action pro se against his employer, Defendant Spartanburg School District Seven ("Defendant"), alleging that Defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981; and further interfered with and retaliated against him for exercising rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654. (ECF No. 15 at 18–21.) Plaintiff also asserts state law claims for breach of contract and violation of the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2011). (Id. at 17–19.)

This matter is before the court on Defendant's Motion to Defer Further Decision on Eleventh Amendment Immunity Pending Discovery ("Motion to Defer"). (ECF No. 59.) Plaintiff filed opposition to Defendant's Motion to Defer asserting that Defendant is an independent entity not protected by the Eleventh Amendment. (ECF No. 66.) For the reasons set forth below, the court **DENIES AS MOOT** Defendant's Motion to Defer.

**I.     RELEVANT BACKGROUND TO PENDING MOTION**

Plaintiff filed an action in this court on April 12, 2013, alleging claims for breach of contract (Count 1), interference with FMLA rights (Count 2), violation of the SCPWA (Count 3),

retaliation in violation of the FMLA (Count 4), and retaliation in violation of Title VII (Count 5). (ECF No. 1 at 17–20.) On May 6, 2013, Plaintiff filed an Amended Complaint to add a sixth cause of action for retaliation in violation of § 1981. (ECF No. 15.)

In response to the Amended Complaint, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on June 5, 2013, asserting that as a public school district it is an arm of the State of South Carolina and, therefore, entitled to sovereign immunity under the Eleventh Amendment. (ECF No. 22.) In response to Defendant's Motion to Dismiss, Plaintiff filed a Second Amended Complaint on July 3, 2013, which document was construed by the court as a Motion to Amend the Amended Complaint. (ECF No. 30.) Plaintiff further filed opposition to Defendant's Motion to Dismiss on July 10, 2013, to which Defendant filed a Reply Memorandum in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Motion to Amend/Correct Amended Complaint on July 22, 2013. (ECF Nos. 31, 33.)

On November 25, 2013, the Magistrate Judge issued a Report and Recommendation that the court deny in part and grant in part Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend the Amended Complaint. (ECF No. 41.) On December 12, 2013, both parties filed objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 43, 44.) Thereafter, on March 27, 2014, the court issued the following Text Order in relevant part:

> Upon consideration of the magistrate judge's recommendations, the court has become aware of new Fourth Circuit precedent that has been issued since the filing of the Report. That case, United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 2014 WL 961560 (4th Cir. Mar. 13, 2014), appears to state that the arm of the state analysis under the Eleventh Amendment is an affirmative defense. See id. at *2; id. at *11, 13 (Traxler, C.J., concurring in part and dissenting in part). As such, it would follow that Fed. R. Civ. P. 12(b)(1) may not be the appropriate vehicle through which Defendant should assert Eleventh Amendment immunity, and dismissal under Fed. R. Civ. P. 12(b)(6) based on this immunity may be challenging. See id. at *14 (Traxler, C.J., concurring in part and dissenting in part) ("[A]n affirmative defense may provide the basis for a Rule 12(b)(6) dismissal only in the relatively rare circumstances…where all facts

2

necessary to the affirmative defense clearly appear <u>on the face of the complaint</u>.") (emphasis in original) (internal citation and quotation marks omitted).

Additionally, the court finds persuasive the conclusion of the Report that the law within the District of South Carolina on whether Eleventh Amendment immunity applies to South Carolina school districts is not settled. (*See* ECF No. 41 at 11–12) (citing the divided case law on this issue within the District). The court finds that <u>United States ex rel. Oberg</u>, offers the latest guidance as to how the court should focus its Eleventh Amendment inquiry. Therefore, in addition to the briefs already submitted, the court invites the parties to submit supplemental briefing in light of the procedural, <u>see</u> supra, and substantive, <u>see</u> 2014 WL 961560 at *3–11, Eleventh Amendment immunity discussion in <u>United States ex rel. Oberg</u>. The court directs the parties to <u>anchor</u> their substantive analysis in the factors outlined by that opinion although the parties are permitted to include other factors for the court's consideration that may be relevant.

Given the court's desire to provide the parties an opportunity to present arguments congruent with <u>United States ex rel. Oberg</u>, the court denies Defendant's motion to dismiss at this time without prejudice and with leave to refile the motion and a supplemental brief on the issue of immunity. The court also denies Plaintiff's motion to amend the amended complaint without prejudice at this time and with leave to refile the motion following the court's resolution of the immunity issue. Defendant may refile the motion to dismiss along with a supplemental brief on the issue of Eleventh Amendment immunity within fourteen (14) days or by April 10, 2014. Plaintiff may then submit a response within fourteen (14) days or by April 24, 2014. At that time, the court will further consider the issue of Eleventh Amendment immunity and determine its implications for the instant action before moving forward with the other issues of this case.

(ECF No. 50.)

On April 10, 2014, Defendant filed its Motion to Defer after considering the court's Text Order and reviewing <u>Oberg</u>. (ECF No. 59.) On May 14, 2014, Plaintiff filed a Response in Opposition to Motion to Defer Further Decision on Eleventh Amendment Immunity Question, to which Defendant filed a Reply to Plaintiff's Response in Opposition to Motion to Defer Further Decision on Eleventh Amendment Immunity Question on May 23, 2014. (ECF Nos. 66, 68.)

## II.     ANALYSIS

Fed. R. Civ. P. 12(i) grants a district court discretion to defer ruling on a motion pursuant to Rule 12(b)(1)–(7) until the time of trial. See <u>id.</u>; see also <u>Design Res., Inc. v. Leather Indus.</u>

of Am., 900 F. Supp. 2d 612, 621 (M.D.N.C. 2012).  Defendant moves the court pursuant to Fed. R. Civ. P. 12(i) to defer "further decision on the Eleventh Amendment immunity issue at this stage of the proceedings, and permit the School District to assert Eleventh Amendment immunity as an affirmative defense, and to litigate such defense after discovery."  (ECF No. 59 at 1.)  Plaintiff opposes the Motion to Defer asserting that it should be denied because Defendant "is an independent entity not protected by the Eleventh Amendment" and requests that the court grant his Motion to Amend the Amended Complaint.  (ECF No. 66 at 5.)

Upon review, the court reminds the parties that both Defendant's Motion to Dismiss and Plaintiff's Motion to Amend were denied in the March 27, 2014 Text Order with leave to re-file.  (See ECF No. 50.)  Moreover, neither party has chosen to re-file its respective motion.  Therefore, the court finds that all issues concerning an Eleventh Amendment immunity defense or amendment of the Amended Complaint have been ruled upon.  Accordingly, because there are not any currently pending motions before the court to defer ruling on, Defendant's Motion to Defer is moot.

### III.    CONCLUSION

For the reasons set forth above, the court hereby **DENIES AS MOOT** Defendant Spartanburg School District Seven's Motion to Defer Further Decision on Eleventh Amendment Immunity Pending Discovery.  (ECF No. 59.)

In consideration of the foregoing, the court further lifts the stay of discovery imposed on March 28, 2014.  (See ECF No. 54.)  Defendant Spartanburg School District Seven is instructed to answer or otherwise plead within fourteen (14) days after entry of this Order pursuant to Fed. R. Civ. P. 12(a)(4).  Thereafter, discovery regarding any and all relevant issues will proceed in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 27, 2015
Columbia, South Carolina