IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WENDELL COOPER, )<br>           Plaintiff,                )<br>                                                )<br>v.                                             )     Civil Action No: 7:13-991-JMC-JDA<br>                                                )<br>SPARTANBURG SCHOOL DISTRICT, )<br>NO. SEVEN,                            )<br>           Defendants.              )<br>_____ ) | |

## PLAINTIFF'A MEMORANDUM IN OPPOSITON TO DEFENDANT'S MOTIONS FOR SANTIONS

Plaintiff, Wendell Cooper, respectfully submits this memorandum in opposition of the defendant's motion for sanctions against the plaintiff pursuant to this Court's order entered December 21, 2015. Plaintiff's opposition to these sanctions is based on the following grounds:

### I. Argument

Plaintiff provided a medical note, as required by his employer, from Cypress Internal Medicine, dated 9/12/12, stating his condition of intractable headaches caused by increased stress on the job. In this statement, Dr. Lynnette Guirao states that if the defendants had any questions or concerns they are to be directed to her. No further explanation was ever sought by the Defendant as to the Plaintiff's condition.

1

Dr. Guirao referred the Plaintiff to Piedmont Psychiatric Services for a second opinion. It was confirmed that his headaches are a result of anxiety disorder suffered by stress on the job. [Ex A]

## II. Argument

There is no dispute that the Plaintiff informed his employer that he would be absent December 14, 2015, due to illness because he had a doctor's appointment with Piedmont Psychiatric Services. And Defendant's did not inquire why he was taking sick leave. In addition, he informed his employer on December 15, 2015, that he would be absent due to illness because he had a doctor's appointment with Perimeter Orthopaedics. [Ex B] Again, the Defendant did not inquire why he was taking sick leave. These appointments are what effected the scheduling of the deposition, as well as the other reasons given by the Plaintiff for not attending his deposition on December 15, 2015. These appointments were a necessity for an upcoming trip, and the appointments were saved on the calendar of his phone which was not in working order and were unknown to him until the phone was replaced. [Ex C]

## III. Argument

As suggested by Piedmont Psychiatric Services, Plaintiff attempted to be represented by a third party during his deposition. Defendants objected, due to the attorney request to make a limited appearance. Defendant began the deposition January 15, 2016, about 9:00 am and it did not end until about 7:00 pm. After about

2

(5) hours of straight testimony. Plaintiff asked the Defendants if the deposition could continue the following day because he was not feeling well. The Defendants replied that he was prepared for the deposition that day and he would have to seek a continuance from the Court. However, he did offer a 45 minute lunch break, prefacing that he didn't have many more questions. Defendant continued the deposition for about another four hours (4). The Defendant's blatant disregard for Plaintiff's physician's medical note stating he should have third party representation during this type of meeting and to suggest Plaintiff's medical note was not valid because it was three years(3) without obtaining a second opinion from a medical professional as instructed by the school board's policy is done in malice and demonstrate to the Court the toxic working environment that Plaintiff has been subjected to during his years of employment with the Defendant. Moreover, Plaintiff's doctor has updated his medical note that was rejected be the Defendant as being invalid without support from certified medical professional. This gross medical miscalculation on the part of the Defendant lead Plaintiff to seek medical attention for a severe headache at Pelham Medical Center hospitalization on January 18, 2016, and having to us unnecessary sick leave on January 19, 2016. [Ex D]

## IV. Argument

The Defendants request for a dismissal of this case is not warranted based upon the

alleged accusations made by the Defendants that the Plaintiff did not adhere to the rules of discovery and acted in bad faith. At no time did the Plaintiff act in bad faith, by informing the Defendants that he would not be able to attend the deposition on December 15, 2015. The Defendants were informed on December 7, 2015, that he could not attend depostion. This is plenty of time to reschedule a stenographer. [Ex E]

### V. Argument

Plaintiff informed the Defendant that the original deposition date would impede on the Plaintiff's ability to enter his grades prior to the Christmas break. The Defendant assured the Plaintiff that help would be provided if needed. The Plaintiff inquired for help on numerous occasions and the help was not provided. The Plaintiff had to leave for the Christmas break with the status of his grades unknown. The Defendant did not provide help as was stated in their December 9, 2015 letter directed to the Plaintiff [Ex F]

### VI. Conclusion

Plaintiff did not act deliberately to delay or destruct discovery in the present or past. Plaintiff informed Defendant on December 7, 2015, that he would not be able to attend the deposition scheduled for December 15, 2015. That is an eight day (8) notice given to the Defendant by the Plaintiff. As per mentioned above, the Plaintiff was not provided with the necessary assistance with his computer problems that effected his grade entry

required for the upcoming exams as well as final semester grades. The Defendant's disagreement with the Plaintiff's responses to inquiries does not constitute the failure to provide information of discovery and it's deadlines. It also, by no means, implies a bad faith effort on the part of the Plaintiff. The Defendants had over 2 years to schedule the deposition of the Plaintiff, and chose to wait until 2 months prior to the discovery deadline to do so. The deposition was completed over a month prior to the deadline of discovery. There was no substantial prejudice towards the school district as a result of Plaintiff's actions. In an attempt to follow his medical providers advice, the Plaintiff attempted to have a third party represent him during the deposition. The Defendants had in their possession a letter from the Plaintiff's physician stating this advice and never had any opposition to the letter when it was first presented; therefore, the deposition should have never been scheduled without an attempt to honor the Plaintiff's desire to involve a third party on his behalf. The Defendant insisted the Plaintiff endure an approximately ten (10) hour deposition, without any regard for his health. This being the Defendant's first request of a deposition, the Plaintiff made every attempt to be accommodating to the Defendant by making himself available as soon as his schedule permitted. The Defendants were given dates that were known to the Plaintiff at the time. But dates of physician appointments were informed to the Defendants when the calendar was able to be

seen on the Plaintiff's replacement phone. The dates of the Plaintiff's doctor's appointments were lost due to a phone malfunction. The matter was corrected by the replacement of his phone. Plaintiff did not feel it was necessary to inform the Defendant about these dates because they had made it clear in their letters that they were unwilling to work with the Plaintiff and his schedule. Due to the fact that the Plaintiff is pro se, the need for a protective order, instead of a continuance, in the deposition was not known to the Plaintiff. The court has stated to the Plaintiff that no more extensions would be granted; therefore, the Plaintiff did not have adequate time to properly respond to the Defendant's deposition request in regards to a protective order. Sanctions are not justified under Rule 37 (d), due to the fact that Plaintiff, in no way, exhibited willful, bad faith behavior because he willfully met with Defendant on the date he said that he was available for his deposition.

Respectfully submitted,

_____
Wendell Cooper, Pro Se
117 Palm Springs Way
Simpsonville, SC  29680
Telephone: 704-941-4143

January 21, 2016

6