# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Wendell Cooper, ) | Civil Action No. 7:13-cv-00991-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Spartanburg School District Seven, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Wendell Cooper ("Plaintiff") filed this action pro se against his employer, Defendant Spartanburg School District Seven ("Defendant"), alleging that Defendant retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, and the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981; and further interfered with and retaliated against him for exercising rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654. (ECF No. 15 at 18–21.) Plaintiff also asserts state law claims for breach of contract and violation of the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 to -110 (Supp. 2011). (Id. at 17–19.)

This matter is before the court on Plaintiff's Motion to Reconsider and Alter Judgment ("Motion for Reconsideration") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 217.) Specifically, Plaintiff seeks reconsideration of the Order entered on July 6, 2016 (the July Order), in which the court granted Defendant summary judgment as to all of Plaintiff's claims. (ECF No. 209 at 12.) Defendant opposes Plaintiff's Motion for Reconsideration asserting that "he fails to make the required showing of any grounds for the extraordinary relief afforded by Rule 59(e)."[1] (ECF No. 218 at 6.) For the reasons set forth below, the court **DENIES** Plaintiff's Motion for Reconsideration.

---

[1] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

## I. RELEVANT BACKGROUND TO PENDING MOTION[2]

Plaintiff filed an action in this court on April 12, 2013, alleging claims for breach of contract (Count 1), interference with FMLA rights (Count 2), violation of the SCPWA (Count 3), retaliation in violation of the FMLA (Count 4), and retaliation in violation of Title VII (Count 5). (ECF No. 1 at 17–20.) On May 6, 2013, Plaintiff filed an Amended Complaint to add a sixth cause of action for retaliation in violation of § 1981. (ECF No. 15.) On March 11, 2016, Defendant filed a Motion for Summary Judgment along with a Memorandum in Support. (ECF No. 166.) Plaintiff filed a Response to Defendant's Motion for Summary Judgment on May 4, 2016. (ECF No. 189.) The Magistrate Judge issued her Report and Recommendation on June 15, 2016. (ECF No. 202.) Plaintiff filed Objections to the Report and Recommendation of Magistrate Judge ("Objections") on July 1, 2016. (ECF No. 207.) Thereafter, on July 6, 2016, the court entered the July Order granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's action. (ECF No. 209.)

## II. LEGAL STANDARD AND ANALYSIS

In the July Order, the court conducted a de novo review of specific objections by Plaintiff to the Magistrate Judge's determination that (1) Plaintiff could not establish a prima facie case of retaliation and interference under the FMLA and (2) the court should decline to exercise supplemental jurisdiction over his state law claims.[3] (ECF No. 209 at 4–5 & 10.) Upon its review, the court found that the Magistrate Judge properly concluded that Plaintiff could not establish prima facie cases of either interference or retaliation under the FMLA. (Id. at 6–10.) However, the court

---

[2] The July Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (See ECF No. 209 at 1–4.)

[3] Plaintiff failed to file specific objections to the Magistrate Judge's recommendation that "Plaintiff cannot establish a prima facie case of retaliation under Title VII or § 1981, and Defendant's motion for summary judgment should be granted with respect to these claims." (ECF No. 202 at 13; see also ECF No. 209 at 5.)

2

disagreed with the Magistrate Judge and adjudicated the merits of Plaintiff's state law claims finding that Defendant was entitled to summary judgment as to both the breach of contract claim and the claim for violation of SCPWA. (Id. at 10–11.) In the instant Motion, Plaintiff seeks reconsideration of the foregoing pursuant to Rule 59.

A.   Applicable Standard under Rule 59(e)

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

B.   The Parties' Arguments

In his Motion for Reconsideration, Plaintiff asserts that the court committed "manifest error" of law in concluding that he "did not establish a claim for retaliation and interference" under the FMLA. (ECF No. 217 at 1.) In support of this assertion, Plaintiff cites the court to opinions in Adams v. Wallenstein, 814 F. Supp. 2d 516, 524 (D. Md. 2011), Fordcye v. Prince George's Cty. Md., 43 F. Supp. 3d 537, 548 (D. Md. 2014), and Wagstaff v. City of Durham,

3

233 F. Supp. 2d 739, 744 (M.D.N.C. 2002).  (ECF No. 217 at 4.)  Additionally, Plaintiff argues that it was "manifestly erroneous" for the court to grant Defendant summary judgment when there were disputed issues of fact regarding whether Defendant impeded Plaintiff's attempts to return to work after his leave expired (id. at 3), the appropriateness of the method used by Defendant to reduce Plaintiff's salary when he was out on FMLA leave (id. at 2), and the lack of advance notice regarding this reduction.  (Id. at 4.)

Defendant opposes Plaintiff's Motion asserting that he has neither cited to "any controlling or significant change in the law" or "new evidence which has become available" since the court entered the July Order.  (ECF No. 218 at 4.)  Defendant further asserts that "Plaintiff's motion merely expresses his disagreement with the Court's decision, which does not constitute clear error or manifest injustice."  (Id. at 4–5.)

C.     The Court's Review

Upon review, the court observes that Plaintiff's Motion for Reconsideration makes general claims of manifest error in its four pages of content, but adds very little new substantive argument to what he has already presented in support of his claims.  (See, e.g., ECF Nos. 189, 197 & 207.)  A Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result.  See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.").  In this regard, the court is not persuaded that reconsideration is appropriate based

4

on arguments that it has already considered and rejected summarily. Therefore, because Plaintiff has presented relatively little new substantive argument on the aforementioned issues, the court's conclusion remains unchanged. Accordingly, the court must deny Plaintiff's Motion for Reconsideration.

### III.  CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Plaintiff's Motion to Reconsider and to Alter Judgment. (ECF No. 217.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 29, 2016
Columbia, South Carolina